NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE MEZA,

Petitioner-Appellant,

v.

STUART SHERMAN, Warden,

Respondent-Appellee.

No.    19-15733

D.C. No. 3:18-cv-00599-JD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted February 10, 2021[**]
Pasadena, California

Before:  M. SMITH, MURGUIA, and OWENS, Circuit Judges.

Jose Meza appeals the district court's denial of his petition for a writ of habeas

corpus.  We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253.

Because the parties are familiar with the facts, we do not recount them here, except

as necessary to provide context to our ruling.  We affirm the decision of the district

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court.

The California appellate court's determination that *Crawford v. Washington*, 541 U.S. 36 (2004), governs a Confrontation Clause analysis was not contrary to, nor an unreasonable application of, Supreme Court authority. *See* 28 U.S.C. § 2254(d). The Confrontation Clause of the Sixth Amendment provides that in a criminal case, the accused has the right to "be confronted with the witnesses against him." U.S. Const. amend. VI. In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court "recognized that, in joint trials, when one nontestifying codefendant's confession is admitted only against that codefendant, there is unavoidably a 'substantial risk that the jury . . . [will] look[] to the incriminating extrajudicial statements in determining [the other defendant's] guilt.'" *Lucero v. Holland*, 902 F.3d 979, 987 (9th Cir. 2018) (quoting *Bruton*, 391 U.S. at 126). The Court, therefore, held that a defendant is deprived of his constitutional "right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial." *Id.* (quoting *Richardson v. Marsh*, 481 U.S. 200, 207 (1987)).

The Supreme Court revisited the protections of the Confrontation Clause in *Crawford*. *See* 541 U.S. at 50–51. In "establish[ing] a new general framework for enforcing this confrontation right," the Court in *Crawford* held that the constitutionality of a statement entered at trial "hinge[s] on the 'testimonial'

2

character of [that] statement." *Lucero*, 902 F.3d at 896–97 (quoting *Crawford*, 541 U.S. at 50, 68). Thus, post-*Crawford*, "a statement of a nontestifying witness that is testimonial and offered for its truth" cannot be admitted at trial, "absent unavailability and a prior chance for cross-examination." *United States v. Brooks*, 772 F.3d 1161, 1167 (9th Cir. 2014).

Here, the California appellate court rejected Meza's argument that "the *Aranda-Bruton* rule applies when the codefendant's confession amounts to a non-testimonial statement under *Crawford*," holding that pursuant to *Crawford*, "the Sixth Amendment applies only to testimonial statements." Accordingly, the district court properly held that the state appellate court did not err.

Furthermore, the California Court of Appeal's conclusion that Meza's co-defendants' out-of-court statements were nontestimonial is not contrary to, nor an unreasonable application of, Supreme Court authority, and is not an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). We apply the "primary purpose" test to determine whether a statement qualifies as testimonial. *Davis v. Washington*, 547 U.S. 813, 822 (2006). "Under that test, statements are testimonial when they result from questioning, 'the primary purpose of [which was] to establish or prove past events potentially relevant to later criminal prosecution.'" *Lucero*, 902 F.3d at 989 (quoting *Davis*, 547 U.S. at 822). In determining the "primary purpose" of a statement, the court "objectively evaluate[s] the circumstances in which the

3

encounter occurs and the statements and actions of the parties." *Michigan v. Bryant*, 562 U.S. 344, 359 (2011) (internal quotation marks omitted). Although "[f]ormality is not the sole touchstone of [the] primary purpose inquiry," it is a factor in the analysis. *Id.* at 366, 377; *see also Ohio v. Clark*, 576 U.S. 237, 247 (2015) (noting that the nontestimonial statements at issue were "informal and spontaneous" and occurred in an "informal setting").

The record reflects that Meza's co-defendants' out-of-court statements were nontestimonial. The statements were spoken to fellow gang members, effectively bragging about the shooting. The informality of the statements is further evinced by the speakers' use of nicknames and slang words, the discussion of things other than the shooting, including buying guns and obtaining money from the gang, and the location of the conversation: a co-defendant's own home. *See Clark*, 576 U.S. at 247. Accordingly, the primary purpose of the pertinent conversations was not "to establish or prove past events potentially relevant to later criminal prosecution." *Davis*, 547 U.S. at 822.

**AFFIRMED**.